UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**JOHNIE RAY BLANKENSHIP**                                                                                                   **PLAINTIFF**

**v.**                                                                                                   **CIVIL ACTION NO. 1:20-CV-209-GNS**

**BLUE GRASS DERRY & FOOD** *et al.*                                                                                       **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Johnie Ray Blankenship filed this *pro se* civil action and is proceeding *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff, a citizen of Arizona, filed his complaint on a form. As Defendants, he names Blue Grass Derry & Food and its CEO Billy Jo Williams,[1] in Kentucky; Jeff at a "Car Dealer Ship" in Arizona; Victor Avagara in Arizona; and Ornesto in "Car Sells" in Arizona. Plaintiff asserts federal-question jurisdiction based on "Jerispudent: All Defindents in complient with Fedral and State law Acording To Tidle 5 of The Cntitusion Of The United State Artical 3 Tax Cod: 38 [illegible] Ageement on Contracts Sind By Plantiff & Defindant."

In the "Statement of Claim" section of the complaint form, Plaintiff claims as follows:

> All Charges in Fedral Corts Of Arizona Judge Carrio Defindant Ho work For Blue Grass Derry & Food . . . Have Broke All Law Acording To The constatution Of The United State Tidle 5 Corprit Tax Laws Artical 13 Tax Cod: 38 in The State Of Arizona CEO Billy Jo Williams Broke Fedral Law By Theft By unlawfull Taking of Stock Hodder money From Blue Grass Derry & Food Inc. use in An [illegible] Compony . . . named Washinton Invatory as a stock Holder since 1977 . . . .

---

[1] In the "Parties" section of the complaint form, Plaintiff spells this Defendant's last name "Wiams," but elsewhere in the complaint, he spells it "Williams."

In the "Relief" section of the complaint form, Plaintiff seeks:

Hard Ship Damigas To Low Back took Big lots of Radiation in Radiator Room Blue Grass Derry & Food Thin After Lifting So many Bags of yeast Pouder Daly Puting Thin on convayer Belt Thin Followed it te Palit were Thin i Had To Lift The Bags of yeas Put Thin on A Palit, And Stack Thim. . . . My Family Phasiton Doctor . . . sed nothing will Help Your Back . . . .

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("[A] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.") (citations and internal quotation marks omitted). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In the instant case, Plaintiff fails to provide sufficient details to put Defendants on notice as to any claim(s) against them, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*), and the complaint is simply too vague for the Court to discern a cause of action under any legal theory.

Further, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The allegations in Plaintiff's complaint meet this standard as well. The instant action, therefore, must also be dismissed for lack of subject-matter jurisdiction.

## III.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: May 5, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc:   Plaintiff, *pro se*
4416.005